CRH:ICR/SKW/EHS
F. #2022R00326

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FRANK JAMES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   December 16, 2022   \*
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 22-214 (S-1) (WFK)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 981(a)(1)(C), 981(a)(1)(G),
1992(a)(7), 1992(a)(10), 1992(b)(1),
1992(c)(1), 1992(c)(2) and 3551 et seq.;
T. 21, U.S.C., § 853(p); and T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNTS ONE THROUGH TEN
(Terrorist Attack and Other Violence Against a Mass Transportation System and Vehicle
Carrying Passengers and Employees)

       1.     On or about April 12, 2022, within the Eastern District of New York and

elsewhere, the defendant FRANK JAMES did knowingly and without lawful authority and

permission commit acts, including the use of a dangerous weapon, with the intent to cause death

and serious bodily injury to one or more persons on a garage, terminal, structure, track,

electromagnetic guideway, supply and facility used in the operation of, and in support of the

operation of, a mass transportation vehicle, which mass transportation vehicle was carrying one

or more passengers and employees at the time of the offenses, and the conduct required for the

offenses was engaged in, on, against and affecting a mass transportation provider engaged in

interstate and foreign commerce, and JAMES traveled across a state line in order to commit the

offenses and transported materials across a state line in aid of the commission of the offenses, as

described below:

| COUNT | ACT |
|-------|-----|
| ONE | JAMES discharged a firearm, striking K.A., an individual whose identity is known to the Grand Jury, while K.A. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| TWO | JAMES discharged a firearm, striking H.B., an individual whose identity is known to the Grand Jury, while H.B. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| THREE | JAMES discharged a firearm, striking V.C., an individual whose identity is known to the Grand Jury, while V.C. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| FOUR | JAMES discharged a firearm, striking A.G., an individual whose identity is known to the Grand Jury, while A.G. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| FIVE | JAMES discharged a firearm, striking F.H., an individual whose identity is known to the Grand Jury, while F.H. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| SIX | JAMES discharged a firearm, striking A.L., an individual whose identity is known to the Grand Jury, while A.L. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| SEVEN | JAMES discharged a firearm, striking R.P., an individual whose identity is known to the Grand Jury, while R.P. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| EIGHT | JAMES discharged a firearm, striking I.S., an individual whose identity is known to the Grand Jury, while I.S. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |

| COUNT | ACT |
| --- | --- |
| NINE | JAMES discharged a firearm, striking J.T., an individual whose identity is known to the Grand Jury, while J.T. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |
| TEN | JAMES discharged a firearm, striking Z.Y., an individual whose identity is known to the Grand Jury, while Z.Y. was a passenger carried in a Metropolitan Transportation Authority subway car, which was located on a subway track and in a structure and facility used in the operation of the subway system. |

(Title 18, United States Code, Sections 1992(a)(7), 1992(a)(10), 1992(b)(1),

1992(c)(1), 1992(c)(2) and 3551 et seq.)

COUNT ELEVEN
(Discharging a Firearm During a Crime of Violence)

2.     On or about April 12, 2022, within the Eastern District of New York and

elsewhere, the defendant FRANK JAMES did knowingly and intentionally use and carry a

firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in

Counts One through Ten, and did knowingly and intentionally possess said firearm in

furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH TEN

3.     The United States hereby gives notice to the defendant that, upon his

conviction of any of the offenses charged in Counts One through Ten, the government will seek

forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title

28, United States Code, Section 2461(c), which require any person convicted of such offenses to

forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or

indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government, including but not limited to: one nine millimeter Glock 17 pistol with serial number KBR155, seized in Brooklyn, New York on or about April 12, 2022.

      4.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

          (a)     cannot be located upon the exercise of due diligence;

          (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21,

United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ELEVEN

5.     The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count Eleven, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States

Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or

used in any knowing violation of Title 18, United States Code, Section 922 or Section 924,

including but not limited to: one nine millimeter Glock 17 pistol with serial number KBR155,

seized in Brooklyn, New York on or about April 12, 2022.

6.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00326

FORM DBD-34
JUN. 85

No.   22-CR-214 (S-1) (WFK)

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### FRANK JAMES,

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 981(a)(1)(C), 981(a)(1)(G), 1992(a)(7), 1992(a)(10),
1992(b)(1), 1992(c)(1), 1992(c)(2) and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); and T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail,* $ _____

_____

***Ian C. Richardson, Sara K. Winik, and Ellen H. Sise,***
***Assistant U.S. Attorneys (718) 254-7000***