

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CRH:ICR/SKW/EHS
F. #2022R00326

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 29, 2022

By E-Mail and ECF

The Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Frank James
            Criminal Docket No. 22-214 (WFK)

Dear Judge Kuntz:

      The government writes in advance of the defendant's arraignment on the superseding indictment and plea allocution, which is scheduled for January 3, 2023. Because the defendant has indicated that he intends to plead guilty to the eleven counts of the superseding indictment without a plea agreement, the government writes to provide the Court with the elements of each offense, the minimum and maximum penalties authorized by statute for each offense, and the government's current estimate of the defendant's advisory sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.").

    I.    Elements of the Charged Crimes

      In order to assist the Court in determining whether there is a "factual basis for the plea" under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, the government provides below the elements of the offenses charged in the superseding indictment.

      As the Court is aware, in determining whether there is factual basis for the defendant's plea, the Court must "'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" United States v. Pattee, 820 F.3d 496, 509 (2d Cir. 2016) (quoting United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997)). "'In making its factual-basis determination, the court is not required to rely solely on the defendant's own admissions,' and indeed the district court may turn to statements 'of the defendant, of the attorneys for the government and the defense, [or] of the presentence report when one is available,'" id. (quoting Maher, 108 F.3d at 1524), "[b]ut it is error for the court to find that a factual basis exists when the defendant actively contests a fact constituting an element of the offense . . . ." United States v. Culbertson, 670 F.3d 183, 190 (2d Cir. 2012).

Accordingly, to establish a factual basis for his plea, the defendant must admit the conduct that makes him guilty of the charged offenses during his plea allocution, and if necessary, stipulate to those facts that establish elements of the offenses as may be proffered by defense counsel or the government on the record.

### A. Counts One Through Ten

Counts One through Ten charge the defendant with committing a terrorist attack and other violence against a mass transportation system and vehicle carrying passengers and employees, in violation of Title 18, United States Code, Sections 1992(a)(7), 1992(b)(l), 1992(c)(1), 1992(c)(2). Each of the ten counts correspond to a specific victim that the defendant shot, as set forth in the superseding indictment. In order to prove the defendant guilty of these crimes at trial, the government would be required to establish each of the following elements beyond a reasonable doubt:

First, the defendant committed an act, including the use of a dangerous weapon, with the intent to cause death or serious bodily injury to each of the ten gunshot victims;[1]

Second, the defendant acted knowingly and without lawful authority or permission;

Third, the persons to whom the defendant intended to cause death or serious bodily injury were on or in a garage, terminal, structure, track, electromagnetic guideway, supply, or facility used in the operation of, or in support of the operation of, a mass transportation vehicle, at the time the defendant committed the act;

Fourth, (a) the defendant engaged in that conduct in, on, against, or affecting a mass transportation provider engaged in interstate or foreign commerce, see 18 U.S.C. § 1992(c)(1), or (b) the defendant traveled across a state line in aid of the commission of the offense, see 18 U.S.C. § 1992(c)(2); and

Fifth, the mass transportation vehicle that was operated on or supported in operation by the garage, terminal, structure, track, electromagnetic guideway, supply, or facility on or in which were located the persons the defendant intended to kill or cause serious bodily injury, was carrying at least one passenger or employee at the time of the defendant's offense.

### B. Count Eleven

Count Eleven charges the defendant with discharging a firearm during a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). In order to prove

---

[1] The term "serious bodily injury" means bodily injury which involves— (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. See 18 U.S.C. § 1365(h)(3).

the defendant guilty of this crime at trial, the government would be required to establish each of the following elements beyond a reasonable doubt:

>  First, the defendant committed one or more crimes of violence for which he might be prosecuted in a court of the United States, specifically the crimes charged in Counts One through Ten;

>  Second, the defendant knowingly used or carried a firearm during and in relation to the commission of, or knowingly possessed a firearm in furtherance of, such offense; and

>  Third, the defendant discharged the firearm.

II. Statutory Minimum and Maximum Penalties

>  The maximum penalties authorized by statute for the violations of 18 U.S.C. §§ 1992(a)(7), and (b)(1) charged in Counts One through Ten, and for the violation of 18 U.S.C. § 924(c)(1)(A)(iii) charged in Count Eleven are as follows:

>  A. Counts One through Ten:

>>  a. Maximum term of imprisonment: Life
(18 U.S.C. § 1992(b)(1)).

>>  b. Minimum term of imprisonment: 0 years
(18 U.S.C. § 1992(b)(1)).

>>  c. Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(b) & (e)).

>>  d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

>>  e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

>>  f. $100 special assessment
(18 U.S.C. § 3013).

>>  g. Other penalties: criminal forfeiture
(18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(G); 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)).

3

  B. <u>Count Eleven</u>:

    a. Maximum term of imprisonment: Life
(18 U.S.C. § 924(c)(1)(A)(iii)).

    b. Minimum term of imprisonment: 10 years
(18 U.S.C. § 924(c)(1)(A)(iii)).

    c. Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(b) & (e)).

    d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

    e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

    f. $100 special assessment
(18 U.S.C. § 3013).

    g. Other penalties: criminal forfeiture
(18 U.S.C. § 924(d)(1); 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)).

  The sentences imposed by the Court upon the defendant's conviction of the crimes charged in Counts One through Ten may run consecutive to one another. The sentence imposed by the Court for the defendant's conviction of the crime charged in Count Eleven must run consecutive to any other term of imprisonment imposed by the Court. <u>See</u> 18 U.S.C. § 924(c)(1)(D)(ii).

III. <u>Estimated Guidelines Sentencing Range</u>

  In light of the defendant's stated intention to plead guilty to the superseding indictment, the government provides its current estimate of the likely range of sentences that the Guidelines would advise upon the defendant's conviction of the eleven counts charged in the superseding indictment. <u>See</u> <u>United States v. Pimentel</u>, 932 F.2d 1029 (2d Cir. 1991). The Guidelines estimate set forth below is not binding on the government, the Probation Department, or the Court, and is subject to change at any time and for any reason, including based on a mistake in this estimate.

  If the defendant clearly demonstrates acceptance of responsibility, through allocution at his scheduled change of plea hearing on January 3, 2023, and subsequent conduct prior to the imposition of sentence, the government currently estimates that the Guidelines will

advise the imposition of a sentence within a total range of 382 to 447 months' imprisonment, assuming that the defendant falls within Criminal History Category I. If the defendant does not clearly demonstrate acceptance of responsibility, the government currently estimates that the Guidelines will advise the imposition of a sentence within a total range of 480 months' to life imprisonment, assuming that the defendant falls within Criminal History Category I. See U.S.S.G. §§ 2A2.1(a)(1), 2A2.1(b)(1)(A), 3D1.4; 2K2.4(b).

As noted above, this Guidelines calculation is merely an estimate, is not binding on the government, the Probation Department or the Court, and is subject to change at any time. In particular, the government continues to assess whether the evidence supports the application of further adjustments or departures to the defendant's Guidelines calculation under Chapter Three of the Guidelines. In addition, as the government has informed defense counsel, based on the facts and circumstances known to the government at this time, including that the defendant planned his attack for years and fired more than thirty rounds on a crowded subway car endangering the lives of dozens of people, the government intends to seek an above-Guidelines sentence at the time of the defendant's sentencing.

                                                Respectfully submitted,

                                                BREON PEACE
                                                United States Attorney

By:        /s/
            Ian C. Richardson
            Sara K. Winik
            Ellen H. Sise
            Assistant U.S. Attorneys
            (718) 254-7000

cc:     Clerk of Court (WFK) (by ECF)
         Counsel of Record (by ECF)